[S. F. No. 15687. In Bank.—July 30, 1937.]

LARUE WHARF AND WAREHOUSE COMPANY (a Corporation), Petitioner, v. BOARD OF PORT COMMISSIONERS OF THE CITY OF OAKLAND, Respondent.

Breed, Burpee & Robinson for Petitioner.

Markell C. Baer, Port Attorney, Robert M. Ford, Assistant Port Attorney, and W. Reginald Jones, Assistant Port Attorney, for Respondent.

SEAWELL, J.—The issues upon which petitioner relies and prays for a writ of *mandamus* compelling the respondent to appoint an arbitrator to confer with others to determine rental or the value of improvements made by petitioner under the terms of a certain lease made by the city and through and by its board of public works and petitioner, are the same in every material respect as those presented in the case of *Board of Port Commrs.* v. *Williams,* S. F. No. 15623 (*ante,* p. 381 [70 Pac. (2d) 918]), this day decided. Both proceedings were instituted for the purpose of ascertaining the rights of each person, corporation or firm, in possession—thirteen in all—under and by virtue of the provisions of the grant made of said lands by the state to the city of Oakland, May 1, 1911 (Stats. 1911, chap. 654, p. 1254), and the extent of the powers conferred on the city.

Petitioner being in a doubtful frame of mind as to whether the procedure adopted by the Williams case would necessarily compel a decision of the major question as to whether petitioner herein, and others in like circumstances, would be entitled to compensation for the improvements made by it during its occupancy of a period of twenty-five years in the event the city should, as it in fact has done, elect not to renew petitioner's lease, instituted this proceeding.

It is claimed by petitioner that the lease executed by the city and the Pacific Steel and Wire Company is not typical of the other twelve leases, and that the former differs from the latter in material respects. The differences between the terms or provisions of said leases as pointed out by petitioner, are: That the Pacific Steel and Wire Company's lease recited a dedication made by it to the city of certain parcels or strips of land for street and sidewalk purposes with certain rights reserved to petitioner, as and for full considera-

tion for the rental of the premises described in said lease for the original twenty-five year term and also for the renewal term, and no such provision or recital appears in any other of said leases; that the "moral obligation" clause as to renewal, appearing in the Pacific Steel and Wire Company's lease does not appear in any other lease; that the petitioner's lease contains no language which makes the Act of 1911 a part of said lease, as does the lease of Pacific Steel and Wire Company. None of the provisions above noted differentiates the legal status of said lessees in their relation to the statute which is a part of all of said leases. The leases made by the city must strictly conform with the statute as written with respect to the tenure therein prescribed.

█ In our interpretation of the statute there was no obligation on the part of the city to make an offer of return of the things that became its property by the terms of the grant. █ The portions of the leases made by petitioner with the city providing for arbitration were made without statutory authority and are therefore of no effect.

The reasons for the decision set out in *Board of Port Commrs* v. *Williams, supra,* this day decided, constitute the grounds of our decision in the instant proceeding.

The writ is accordingly discharged.

Shenk, J., Curtis, J., Nourse, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.